IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAINS & SONS TRANSPORTATION, LLC, and RAINS & SONS HEALTH CARE BENEFIT PLAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CIV-18-507-C |
| THE KEISER GROUP, LLC, and KG ADMINISTRATIVE SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Motion to Transfer Venue (Dkt. No. 11). Plaintiffs have filed a Response (Dkt. No. 17), and Defendants have filed a Reply (Dkt. No. 20). The issue has been fully briefed and the Motion is now at issue.

## I. Background

Rains & Sons Transportation LLC ("Rains") is a trucking company based in Oklahoma, which provides general freight shipping and transportation services. In 2008, Rains contracted with PeopLease Corporation ("PeopLease") to obtain services for providing employees to Rains, human resources functions, managing payroll, obtaining and paying for workers' compensation insurance, and managing workers' compensation claims. Rains and Rains & Sons Health Care Benefit Plan ("Benefit Plan") contracted with PeopLease to administer the operation of Rains' self-insured healthcare plan. In 2014, PeopLease partnered and contracted with Defendants The Keiser Group, LLC, and KG Administrative Services, Inc., to execute the Benefit Plan. Plaintiffs entered into a Service

Agreement with Defendants. The Service Agreement contains the following provision: "To the extent not preempted by ERISA, this Agreement will be interpreted under the laws of the State of California, without regard to conflict of law provisions. Any suit brought hereunder shall be brought in a California court of appropriate jurisdiction and venue." (Defs.' Answer, Dkt. No. 10, Ex. 1, p. 3.) Rains and the Benefit Plan, through PeopLease, remitted money to Defendants each month. Defendants were responsible for processing and paying the covered health care claims of Rains employees covered by the Benefit Plan. During some point between the parties' relationship, the processing and payments stopped. As a result, Rains and the Benefit Plan requested all records from Defendants and the instant litigation commenced. Plaintiffs brought suit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. Plaintiffs allege breach of fiduciary duty under ERISA, breach of contract and to legally account, conversion, embezzlement, and misappropriation.

## II. Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge F.B.L.-585, 364 U.S. 19, 26, 27 (1960)).

Defendants argue that this Court is not the proper venue and "the parties' relationship was governed by a Service Agreement." (Defs.' Mot., Dkt. No. 11, p. 3.) Defendants argue that § 9.06 of the Service Agreement mandates that the Western District of Oklahoma is not the proper venue and the parties have contractually agreed that venue is proper in a California court of appropriate jurisdiction. As a result, Defendants argue that venue is proper in the Central District of California. (Defs.' Mot., Dkt. No. 11, pp. 4-5.) Plaintiffs argue that "[b]ased on the plain language of the paragraph, '[a]ny suit brought *hereunder*' refers to a suit brought "**under the laws of the State of California,**" and because Plaintiffs' Complaint invokes an ERISA claim, then the forum selection clause does not apply. (Pls.' Resp., Dkt. No. 17, p. 6.) As a result of this interpretation, Plaintiffs argue that "the forum selection clause is reasonably susceptible to two different interpretations" and as a result, the clause is ambiguous. (Pls.' Resp., Dkt. No. 17, p. 7.)

"This court and others have 'frequently classified' forum selection clauses 'as either mandatory or permissive.'" K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"), 314 F.3d 494, 498 (10th Cir. 2002) (quoting Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997)). "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." Excell, 106 F.3d at 321 (internal quotation marks and citation omitted). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." Id. Additionally, the Tenth Circuit has found:

> where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992).

Section 9.06 of the Service Agreement succinctly states that the parties have consented to the jurisdiction of a California court and the language is mandatory because the forum selection clause uses the language "shall." (Defs.' Ans., Dkt. No. 10, Ex. 1, p. 3.) The forum selection clause at issue employs more mandatory language and dictates that "any suit brought hereunder" should be "brought in a California court of appropriate jurisdiction and venue." (Defs.' Ans., Dkt. No. 10, Ex. 1.) The language here is "'clear and unequivocal.'" Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992) (quoting Regis Assocs. v. Rank Hotels (Management) Ltd., 894 F.2d 193, 195 (6th Cir. 1990)). This Court finds that the forum selection clause is fair and there is nothing in the record that indicates "enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). As a result, this Court finds that the parties' agreed-upon language, specifically the forum selection provision, in its entirety, reflects that the parties intended to consent to the jurisdiction and venue of an appropriate California court. For these reasons, the Court finds that another federal court has jurisdiction and the interests of justice require a transfer to that district.

## CONCLUSION

Accordingly, Defendants' Motion to Transfer Venue (Dkt. No. 11) is GRANTED and this action is TRANSFERRED to the United States District Court for the Central District of California.

IT IS SO ORDERED this 15th day of November, 2018.

ROBIN J. CAUTHRON
United States District Judge